**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

OCT 18 2019

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

|  |  |
|---|---|
| KELLY DEMKO, | No.   18-55428 |
| Plaintiff - Appellant, | D.C. No. 2:17-cv-02929-R-AFM |
| v. | |
| UNUM LIFE INSURANCE COMPANY OF AMERICA, | MEMORANDUM[*] |
| Defendant - Appellee. | |

Appeal from the United States District Court
for the Central District of California
Manuel L. Real, District Judge, Presiding

Submitted October 15, 2019[**]
San Diego, California

Before:  HURWITZ, OWENS, and LEE, Circuit Judges.

Kelly Demko appeals the district court judgment, entered after a bench trial,

denying her claim for disability benefits under an ERISA-governed plan issued by

Unum Life Insurance Company of America.  We have jurisdiction under 28 U.S.C.

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

§ 1291, and review for clear error. *See Muniz v. Amec Constr. Mgmt., Inc.*, 623 F.3d 1290, 1294 (9th Cir. 2010). We affirm.

To prevail on her claim, Demko needed to prove that she was "unable to perform with reasonable continuity the substantial and material acts necessary to pursue [her] usual occupation in the usual and customary way" during the coverage period. *See id.* The district court did not clearly err in finding that Demko, who was the head of human resources at Dreamworks, was able to perform her job normally until she was terminated for non-medical reasons. Demko's employer presented evidence that she did not significantly change her hours, job duties, or performance during the period of claimed disability. Treatment records from Demko's doctor showed that her fibromyalgia condition was improving during that period, and her doctor first opined that she was disabled months after the coverage period ended. *See id.* at 1296-98 (district court did not clearly err in denying ERISA claim where doctor's opinion was inconsistent with accompanying medical records); *Boyd v. Bert Bell/Pete Rozelle NFL Players Ret. Plan*, 410 F.3d 1173, 1178-79 (9th Cir. 2005) (upholding denial of ERISA claim where medical evidence could reasonably support either party).

Demko's objections to the district court's evaluation of the evidence are unavailing. First, although the district court was not required to defer to the opinions of Demko's doctor, *Black & Decker Disability Plan v. Nord*, 538 U.S. 822, 834

2

(2003), it nevertheless accorded them the "greatest weight" and did not rely heavily on the opinions offered by Unum's doctors. Second, an independent medical examination was not required, particularly when Demko proffered insufficient evidence to establish disability. Third, the record does not support Demko's contention that, to deny coverage, Unum belatedly raised the circumstances of her termination and whether she reduced her work schedule. Fourth, the district court reasonably determined that Demko failed to show that she could not satisfy the cognitive functions of her job. Fifth, the district court addressed Demko's ability to work the required hours, finding that she had not reduced her work schedule. And finally, the district court duly considered Demko's subjective complaints, and reasonably concluded that they did not establish the requisite level of disability.

**AFFIRMED.**

3